IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DONNA LYNN RAGUE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner of Social ) <br> Security, ) <br> ) <br> Defendant. ) | No. 07-0419-CV-W-DW-SSA |

**ORDER**

    Plaintiff Donna Lynn Rague seeks judicial review on a final decision of Defendant Commissioner of Social Security denying Plaintiff's claim.

    Since the complete facts and arguments are presented in parties' briefs, they will be discussed herein only as necessary. After examining the entire record, the Court AFFIRMS the Commissioner's decision for the reasons set forth below.

    The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §1383(c)(3); Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999). "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Craig v. Apfel, 212 F.3d 433, 435 (8th Cir. 2000)

    The review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision. Pierce v. Apfel, 173 F.3d 704, 706 (6th Cir. 1999). The Court also considers whatever in the record fairly detracts from its weight. Id. Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Determinations of credibility by the ALJ are granted deference so long as they are supported by good reasons and substantial evidence. Gregg v. Barnhart, 354 F.3d 710, 714 (8th

Cir. 2003).

Plaintiff argues that the ALJ erred: (1) in failing to identify Claimant's functional limitations or Restrictions on a function-by-function basis; (2) in giving greater evidentiary weight to the Vocational Expert ("VE") rather than the Dictionary of Occupational Title (DOT); (3) in characterizing Claimant's RFC as light work rather than sedentary; (4) in improperly evaluating Claimant's credibility by disregarding her subjective complaints and failing to consider third-party testimony. Since Plaintiff's final ground is meritorious, the Court does not address Plaintiff's other arguments. Upon remand, however, the ALJ is encouraged to consider his opinion in light of the other grounds raised.

The ALJ called upon a VE to testify regarding Claimant's past relevant work and answer hypothetical questions. The VE testified that Plaintiff worked as a courrier, a working housekeeper manager, and a flower processor. In response to the ALJ's hypothetical question, which utilized the limitations that were ultimately contained in the ALJ's decision, the VE stated that the hypothetical claimant could no longer perform the duties of these jobs.

The VE went on to testify, however, that the hypothetical claimant could work as a photocopy machine operator, a microfilm processor or a surveillance systems monitor, all with a sit/stand option. Upon questioning by the ALJ, the VE stated that, with the exception of the sit/stand option, the testimony did not conflict with any provision of the DOT.

According to Plaintiff, the ALJ erred in adopting the Vocational Expert's ("VE") testimony since the testimony conflicts with the DOT and the ALJ did not provide a reason for so doing. Specifically, Plaintiff argues that the DOT's statement that a surveillance systems monitor requires a reasoning of level three conflicts with the VE's testimony that a claimant who is limited to simple and stress-free work could perform this job.

Where the DOT and the VE testimony conflict, the DOT controls. While the DOT definitions are simply generic job descriptions and the VE may base their opinion off of experience, the VE here failed to provide any explanation as to the conflict or her reasoning. Compare Wheeler v. Apfel, 224 F. 3d 891, 897 (8th Cir. 2000); Smith v. Shalala, 46 F. 3d 45, 47 (8th Cir. 1995).

The VE also testified that a hypothetical Plaintiff with restrictions as to repetitive hand use could work as a microfilm mounter or a photocopy machine operator. The Commissioner

argues there is no contradiction in this case since the hypothetical claimant was restricted from repetitive hand use and reaching only from her left shoulder and the above jobs require frequent, not repetitive, hand use and reaching. While it is not apparent from a literal reading that these two provisions conflict, neither the ALJ nor the VE fulfilled the requirement of prooviding any explanation to the conflict or his or her reasoning.

For the foregoing reasons, the Court GRANTS Plaintiff's request to reverse the decision of the Administrative Law Judge (ALJ) and remands this action to Defendant pursuant to sentence four of section 205(g), 42 U.S.C. § 405(g). Accordingly, the ALJ shall clarify and explain her reasoning as to the conflict between the DOT and the VE testimony.

The Court enters a final judgment in this case pursuant to Federal Rule of Civil Procedure 58; the above-styled case is reversed and remanded. Brown v. Barnhart, 282 F.3d 580 (8th Cir. 2002).

Date:  April 30, 2008           /s/ Dean Whipple
                                Dean Whipple
                                United States District Judge